Epstein v Kachar (2018 NY Slip Op 07409)





Epstein v Kachar


2018 NY Slip Op 07409


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SANDRA L. SGROI
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2017-01849
 (Index No. 11757/14)

[*1]Jackie Epstein, appellant, 
v
Eric P. Kachar, et al., respondents.


Krentsel & Guzman, LLP, New York, NY (Steven E. Krentsel of counsel), for appellant.
Kenney Shelton Liptak Nowak LLP, New York, NY (Joseph S. Kavesh and Jessica N. Reich of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Paul Wooten, J.), dated January 4, 2017. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d).
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, that branch of the defendants' motion which was for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) is denied, and the matter is remitted to the Supreme Court, Kings County, to determine that branch of the defendants' motion which was for summary judgment on the issue of liability.
On April 21, 2013, the plaintiff and the defendant Eric P. Kachar (hereinafter the defendant driver) were involved in a motor vehicle collision in Brooklyn. The defendant driver's vehicle was owned by the defendant Alexander Kachar. The plaintiff commenced this action to recover damages for personal injuries alleging, in the bill of particulars, injuries to the cervical, thoracic, and lumbar regions of her spine, to both of her shoulders, to both of her knees, and to her right ankle.
The defendants moved for summary judgment dismissing the complaint on the grounds that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d), and that they were not liable for the plaintiff's injuries. In support, they submitted the affirmed report of an orthopedic surgeon, who measured the plaintiff's range of motion, using a goniometer and an inclinometer, and compared the results to what would be considered normal range of motion. He found normal range of motion in the cervical region of the plaintiff's spine, in both of the plaintiff's shoulders, and in both of the plaintiff's knees. He also found a 50% restriction in the flexion of the plaintiff's lumbar spine, and a 75% restriction in the dorsiflexion of her right ankle.
In an order dated January 4, 2017, the Supreme Court granted that branch of the defendants' motion which was for summary judgment dismissing the complaint on the ground that [*2]the plaintiff did not sustain a serious injury. The plaintiff appeals.
We disagree with the Supreme Court's determination that the defendants established, prima facie, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The papers submitted by the defendants failed to adequately address the plaintiff's claims, set forth in the bills of particulars, that she sustained serious injuries to the lumbar region of her spine and to her right ankle under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614).
Since the defendants did not sustain their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Therefore, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d).
In light of our determination, we remit the matter to the Supreme Court, Kings County, to determine that branch of the defendants' motion which was for summary judgment on the issue of liability (see Alvarez v Dematas, 65 AD3d 598).
BALKIN, J.P., SGROI, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court